755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARTIN A. HIRSCH, PLAINTIFF-APPELLANT,
v.
U.S.A. U.S. DEPARTMENT OF NAVY AND U.S. MARINE
CORPS,DEFENDANTS-APPELLEES.
 NO. 84-5412
 United States Court of Appeals, Sixth Circuit.
 1/23/85
 ORDER
 
 1
 BEFORE: WELLFORD and MILBURN, Circuit Judges, and HILLMAN, District Judge.*
 
 
 2
 Hirsch appeals with counsel from the district court's judgment dismissing this Federal Tort Claims Act case. The district court found that this action was barred by the Feres doctrine. Feres v. United States, 340 U.S. 135 (1950). This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Hirsch was a serviceman at Camp LeJeune, North Carolina. He was sexually assaulted at the Camp by a Navy medical officer. His complaint alleges that the Navy and Marine Corps were negligent in failing to discharge the medical officer from the service for his prior assault on another serviceman.
 
 
 4
 The Feres doctrine holds that servicemen cannot recover for injuries caused by the negligence of other service personnel when those injuries are 'incident to military service.' Id., at 146. The Feres doctrine also applies to intentional torts. Jaffee v. United States, 663 F.2d 1226, 1235 (3rd Cir. 1981) (en banc), cert. denied, 456 U.S. 972 (1982). On the facts of this case, the district court was clearly correct to hold that Hirsch's action is barred by the Feres doctrine.
 
 
 5
 Hirsch cites the case of Shearer v. United States, 723 F.2d 1102 (3rc Cir. 1983), U.S. app. pending, as authority in support of his position. However, in Shearer, the serviceman was on authorized leave and was off the base at the time of the assault. Id., at 1104. These facts clearly distinguish Shearer from the present case.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Douglas W. Hillman, U.S. District Judge for the Western District of Michigan, sitting by designation